**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BETTY J. MARTIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No. 2:14-cv-01092-MMD-NJK<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

Plaintiff Betty J. Martin has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, (Docket No. 1), and submitted a Complaint (Docket No. 1-1).

**I.　　Application to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(a), a person seeking to proceed *in forma pauperis* must submit an application indicating he is unable to prepay fees and costs or give security for them. The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff Betty J. Martin has submitted the affidavit required by 28 U.S.C. § 1915(a). In her application, Plaintiff indicates she is unemployed. Docket No. 1, at 1. She further states that she receives Social Security benefits in the amount of $1,351.00 per month. *Id*. She has $15.00 in cash or a bank account; she owns a car valued at approximately $2,500; and she owns a home, in which she has no equity, and for which she does not know the value. *Id*., at 2. Her monthly expenses total approximately the same amount as the funds she receives each month. *Id*., at 1-2. Based on the information in Plaintiff's application, the Court finds that it is unlikely that Plaintiff would be able to pay the $400 filing fee given that she has virtually no income, savings or assets. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under 28 U.S.C. § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether Plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

Plaintiff's Complaint challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits. Before Plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (*per curium*) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, she can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See generally* 20 C.F.R §§ 404, 416. Here, Plaintiff alleges that, on May 5, 2014, the Appeals Council denied her request for review, and the ALJ's decision became the final decision of the Commissioner. Docket No. 1-1, at 2. Thus, it appears that

Plaintiff has exhausted her administrative remedies.

Once Plaintiff has exhausted her administrative remedies, she can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *Id*. An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which the Plaintiff resides. *Id*.

The Complaint should state the nature of Plaintiff's disability, when Plaintiff claims she became disabled, and when and how she exhausted her administrative remedies. The Complaint should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the SSA and show that Plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff's Complaint seeks judicial review of the Commissioner's decision denying Plaintiff disability insurance benefits and requests the Court reverse that decision or, in the alternative, remand this matter for a new hearing. Plaintiff contends that the Commissioner's decision must be reversed or remanded because there is no substantial medical or vocational evidence in the record to support the decision; the evidence in the record supports only the finding that Plaintiff is disabled; and new and material evidence exists. Accordingly, Plaintiff has stated a claim for initial screening purposes under 28 U.S.C. § 1915.

Based on the foregoing,

IT IS ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order

       granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint.

4. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

5. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

6. Defendant shall have sixty (60) days from the date of service to file an answer or responsive pleading to Plaintiff's Complaint in this case.

7. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to Defendants or counsel for Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated this 9th day of July, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE