UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BETTY J. MARTIN,<br><br>    Plaintiff,<br>  v.<br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:14-cv-01092-MMD-NJK<br><br>ORDER |

**I.    SUMMARY**

Before the Court is Magistrate Judge Nancy J. Koppe's Report and Recommendation ("R&R") (ECF No. 28) regarding Plaintiff Betty J. Martin's Motion for Reversal and/or Remand of the Commissioner's Decision (ECF No. 15), and a Cross-Motion to Affirm filed by Defendant Commissioner Carolyn W. Colvin ("Commissioner") (ECF No. 20). The Court has also reviewed Plaintiff's objection to the R&R (ECF No. 29), and Defendant's response (ECF No. 30).

**II.   BACKGROUND**

The following facts are taken from the R&R. Martin filed an application for Social Security Disability Insurance Benefits in February 2011. The Social Security Administration denied Martin's claims upon initial review and upon reconsideration. Martin then appeared before an administrative law judge ("ALJ") on August 15, 2012.

Martin alleged that she suffered from essential hypertension and pulmonary hypertension, as well as other obesity-related impairments. (ECF No. 14-1 at 22.)[1]

---

[1] For ease of reference, the Court will cite to the administrative record ("AR") by its electronic filing number: ECF No. 14-1.

Martin presented the ALJ with an opinion by Dr. Willoughby, her primary treating physician, who concluded that her impairments could lead her to be absent from work for approximately three days each month. (*Id.* at 318.) The ALJ found that Martin's obesity-related impairments were not severe enough to be considered disabilities, but allowed her case to proceed based on her essential hypertension and pulmonary hypertension. (*Id.* at 24.) The ALJ then found that Martin maintained the residual functional capacity to perform sedentary work. (*Id.* at 23.) In making his determination, the ALJ discounted Dr. Willoughby's opinion on Martin's absenteeism and Martin's credibility regarding her subjective pain. (*Id.* at 23-26.) In a decision issued on September 12, 2012, the ALJ found that Martin was not disabled for the purposes of her application. The ALJ's decision became final when the Appeals Council denied Martin's request for review. Martin then sought review from this Court.

Magistrate Judge Koppe issued the R&R on July 28, 2015, finding that the ALJ's decision was supported by substantial evidence in the administrative record. (ECF No. 28.) Specifically, Judge Koppe found that the ALJ had properly rejected the treating physician's opinion and evaluated Martin's pain in the credibility assessment. The R&R recommends that Martin's Motion for Reversal and/or Remand (ECF No. 15) be denied, and that the Commissioner's Cross-Motion to Affirm (ECF No. 20) be granted. For the reasons stated below, the Court will accept and adopt the R&R in full.[2]

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation]

---

[2]The R&R further details the procedural history of Martin's claims, a complete summary of the ALJ's findings and relevant testimony, and the applicable standards set out by the Social Security Act. (ECF No. 28 at 1-6.) These portions of the R&R are not in dispute, and the Court adopts them in full. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed).

2

to which objection is made." 28 U.S.C. § 636(b)(1). In light of Martin's objection, the Court will review *de novo* the two portions of the R&R relevant to the objection.

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)). The Court must consider the entire record as a whole to determine whether substantial evidence exists, and must consider evidence that both supports and undermines the ALJ's decision. *Id.* at 523. In weighing the evidence and making findings, the ALJ must also apply the proper legal standards. *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

## IV. ANALYSIS

The R&R addressed two issues that Martin had raised on appeal. First, Martin alleged that the ALJ improperly discounted her treating physician's opinion on her potential absenteeism. Second, she claimed that the ALJ wrongly discredited her subjective complaints of pain. The R&R found that the ALJ's decision was supported by substantial evidence and that the ALJ did not commit legal error. (ECF No. 28 at 13.)

In her objection to the R&R, Martin argues that the ALJ failed to articulate a specific and legitimate reason for rejecting portions of Dr. Willoughby's opinion (ECF No. 29 at 5), and that the ALJ failed to articulate clear and convincing reasons for discounting her subjective complaints. (*Id.* at 6-9.) The Commissioner counters that the ALJ's assessments of both the medical evidence and Martin's credibility were supported by substantial evidence and free of harmful legal error. The Court will address Martin's objections in turn.

### A.  Medical Opinion of Dr. Willoughby

Martin contends that the ALJ failed to articulate a specific and legitimate reason for rejecting portions of testimony from her treating physician, Dr. Willoughby, regarding her need to miss work for medical reasons. (ECF No. 29 at 4 (citing ECF No. 14-1 at 322).) Instead, she argues, the ALJ provided a summary of the facts and conflicting evidence only with respect to Martin's credibility, and not for Dr. Willoughby's opinion. (*Id.* at 4.) Martin thus insists that the R&R erred in concluding that the ALJ adequately addressed Dr. Willoughby's opinion.

While it is true that the ALJ may disregard the opinions of medical experts, the ALJ must articulate the rejection and the reasons for doing so. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). The ALJ, however, need not accept a physician's opinion if it is conclusory and is unsupported by clinical findings. *Magallanes*, 881 F.2d at 751. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986), *superseded by statute on other grounds as recognized in Bunnell v. Sullivan*, 912 F.2d 1149, 1154 (9th Cir. 1990)). A reviewing court, in turn, may draw "specific and legitimate inferences from the ALJ's opinion." *Id.* at 755.

Here, contrary to Martin's objection, the R&R highlighted specific evidence that the ALJ identified as undermining Dr. Willoughby's opinion. First, the Court considered that Social Security regulations do not require the ALJ to adopt a treating physician's opinions in their entirety. (ECF No. 28 at 8.) The Court further noted that the ALJ gave significant weight to statements from Dr. Willoughby and Dr. Prabju, the pulmonary

4

1  examiner, both of whom had personally examined Martin. (*Id.* (citing ECF No. 14-1 at
2  25).) The ALJ also acknowledged, but gave little weight to, claims from two other
3  medical professionals that found Martin capable of performing light work. (ECF No. 14-1
4  at 26.) The ALJ dismissed these medical opinions because they did not reflect Martin's
5  subjective complaints. (*Id.*) It can be inferred from this determination that the ALJ
6  properly considered each medical opinion in partially adopting Dr. Willoughby's opinion.

7  Second, the R&R found that the ALJ examined medical evidence that was
8  inconsistent with Dr. Willoughby's opinion on absenteeism. (ECF No. 28 at 8 (citing ECF
9  No. 14-1 at 25).) An ALJ may generally give greater weight to medical opinions that are
10 more consistent with the whole record. 20 C.F.R. § 404.1527(c)(4). As the R&R notes,
11 the ALJ reviewed Martin's medical records as a whole, noting that Martin experienced
12 many of the same symptoms before her alleged disability onset date. (ECF No. 28 at 8
13 (citing ECF No. 14-1 at 24-25).) Because Martin lost her job due to layoffs and not her
14 disability, the ALJ inferred that Martin's impairments did not prevent her from performing
15 her work. (*Id.* (citing ECF No. 14-1 at 25).) In short, despite her medical conditions,
16 Martin was able to do her job at the time of her business-related layoff. (*Id.* (citing ECF
17 No. 14-1 at 25).) Accordingly, the ALJ reviewed Martin's medical records and provided
18 his reasons for discounting Dr. Willoughby's opinion on absenteeism.

19 Despite the evidence discussed in the R&R and the ALJ's opinion, Martin insists
20 that the ALJ failed to recite specific reasons for rejecting the absenteeism portion of Dr.
21 Willoughby's opinion. That opinion appears on a form that Dr. Willoughby filled out in
22 December 2010. (*See* ECF No. 14-1 at 318.) Dr. Willoughby indicated that Martin's
23 medical condition was likely to cause her to have good and bad days, which could result
24 in missing "[a]bout three days per month" of work. (*Id.*) Martin objects that the ALJ's
25 failure to discuss this absenteeism opinion means that the Court cannot meaningfully
26 review the ALJ's decision. (ECF No. 29 at 5 (citing *Brown-Hunter v. Colvin*, 806 F.3d
27 487, 494 (9th Cir. 2015) ("A clear statement of the agency's reasoning is necessary
28 because we can affirm the agency's decision to deny benefits only on the grounds

5

1    invoked by the agency.")).) But as noted above, the ALJ thoroughly summarized Martin's
2    medical condition and the basis for his inference that, even with her impairments, Martin
3    was able to work when she lost her job. To the extent that Dr. Willoughby's absenteeism
4    opinion conflicts with the other medical evidence, the ALJ cited sufficient evidence to
5    discount the absenteeism opinion. (*See* ECF No. 14-1 at 24-25.) Martin's objections with
6    regard to Dr. Willoughby's opinion are therefore overruled.

### B.   Plaintiff's Testimony

Martin also argues that the ALJ failed to articulate clear and convincing reasons for discrediting her testimony on her symptoms. (ECF No. 29 at 6.) The ALJ found that Martin's credibility concerning her symptoms was diminished based on her (1) daily activities, (2) conservative medical treatment, (3) non-compliance with her prescribed medical treatment, (4) work record, and (5) a lack of support in the record for her subjective symptoms. (ECF No. 14-1 at 22, 24-26.) The R&R addressed each of these claims and determined that the ALJ's credibility finding was supported by substantial evidence. (ECF No. 28 at 10-13.) Martin refutes each of these findings and claims that the ALJ did not provide sufficient rationale for his decision to reject her subjective symptom testimony.

"The ALJ is responsible for determining credibility." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). "If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2008) (quoting *Lingenfelter*, 504 F.3d at 1036). An ALJ's findings are supported by substantial evidence if they are "sufficiently specific to allow a

reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" *Bunnell*, 947 F.2d at 345-46 (quoting *Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1921)). "[T]he claimant is *not* required to show 'that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). The ALJ may not reject subjective pain testimony "on the sole ground that it is not fully corroborated by objective medical evidence[.]" *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Martin objects that a claimant's daily activities are not typically grounds to discredit a claimant. (ECF No. 29 at 6-7 (citing *Lewis v. Apfel*, 236 F.3d 503, 516 (9th Cir. 2001)).) She therefore takes issue with the ALJ's reasoning that Martin's daily activities were inconsistent with her testimony on her symptoms. (*Id.*; *see* ECF No. 14-1 at 24-25.) Indeed, despite her symptoms, the ALJ found that Martin drives, goes grocery shopping, reads an e-reader for several hours a day, and uses a computer for approximately two hours a day. (ECF No. 14-1 at 24-25.) The Commissioner insists that the ALJ may consider these daily activities in evaluating Martin's credibility. (ECF No. 19 at 9 (citing *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (daily activities may bear on credibility when they contradict a claimant's testimony, or when they "meet the threshold for transferable work skills")).)

Martin's reliance on *Lewis v. Apfel* is misplaced. There, the Ninth Circuit reasoned that the "ALJ should not consider activities like taking care of oneself, household tasks, hobbies, school attendance, club activities, or social programs to be substantial gainful activities." *Lewis*, 236 F.3d at 516. But in assessing whether such activities might qualify as gainful and substantial, the court did not suggest that daily habits were off-limits for credibility determinations. *See id.* The Ninth Circuit, in contrast, has held that an ALJ may consider daily activities in evaluating the claimant's credibility. *Tommasetti v.*

*Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the ALJ discredited Martin's pain testimony in part because her daily activities were inconsistent with her testimony regarding frequent dizziness associated with her pulmonary hypertension. (ECF No. 14-1 at 24.) Her daily activities also required some of the same physical and mental abilities "as those necessary for obtaining and maintaining employment." (*Id.* at 25.) Since Martin's daily activities were inconsistent with her subjective pain testimony, the ALJ assumed that Martin was not entirely credible. Martin's objection fails to demonstrate how this reasoning is improper.

Next, Martin argues that the ALJ cannot discount her testimony due to her conservative medical treatment because the ALJ never articulated what more aggressive treatments — assuming they exist — she should have undergone. (ECF No. 29 at 7). As the R&R points out, however, conservative treatment alone may be sufficient to discount a claimant's credibility. (ECF No. 28 at 11 (citing *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007)).) Moreover, although the ALJ summarized Martin's treatment history, the absence of aggressive treatment was one of several bases for discounting Plaintiff's testimony. The ALJ stated that the medical record "casts doubt on the credibility of claimant's allegations," but went on to specify that, according to the medical record, Martin was able to perform her job adequately even with her symptoms and treatment. (ECF No. 14-1 at 25.) The ALJ also pointed out that medication alleviated some of Martin's symptoms. (*Id.* at 24-25.) The Court will not reject the R&R because of the ALJ's consideration of Martin's treatment.

Martin further objects to the ALJ's reasoning regarding her compliance with her treatments. (ECF No. 29 at 7.) The ALJ found that Martin was not fully compliant because she did not wear a CPAP machine as recommended. (ECF No. 14-1 at 22.) Martin claims that the ALJ could consider her lack of compliance as discrediting only if the treatment was expected to restore her capacity to engage in substantial and gainful employment, and if her failure to follow the treatment was unjustified. (ECF No. 28 at 7-8 (citing SSR 82-59).) Martin argues that there is no evidence demonstrating that use of

8

the CPAP machine would alleviate her sleep apnea and allow her to perform substantial and gainful employment. (ECF No. 29 at 8.) Citing Martin's medical records, however, the ALJ explained that the CPAP "should help alleviate her sleep apnea." (ECF No. 14-1 at 22 (citing ECF No. 14-1 at 612).) More important, although the R&R is correct in pointing out that the ALJ discussed Martin's non-compliance, the ALJ's discussion of the CPAP appears in a section describing Martin's severe impairments. (*Id.* at 22.) Martin's noncompliance with her recommended CPAP use thus appears to have factored into the ALJ's determination that Martins' sleep apnea — in addition to several other medical conditions — did not qualify as a severe impairment. Martin's objection regarding the CPAP compliance is accordingly overruled.

Martin also contends that the ALJ failed to consider why she stopped working when he determined that her work record weighed against her credibility. (ECF No. 29 at 8.) The ALJ found that Martin experienced the same disabling impairments between April 2005 and her alleged disability date in October 2010. (ECF No. 14-1 at 24.) Since Martin conceded that she was terminated in October 2010 because of business-related layoffs, the ALJ inferred that Martin's impairments would not prevent her from performing that job. (*Id.* at 25.) Instead, even in light of her impairments — and absent evidence of further deterioration over time — Martin was able to perform her work adequately. (*Id.*) The R&R noted that it is proper for the ALJ to consider a claimant's work record in making credibility determinations. (ECF No. 28 at 12); *see Drouin v. Sullivan*, 966 F.2d 1255, 1258-59 (9th Cir. 1992). Martin testified that she was laid off — despite her seniority status — because she was slower than other employees. (ECF No. 29 at 8 (citing ECF No. 14-1 at 45).) Also, Martin stated that she experienced frequent dizziness at work when she was asked to get up to file documents. (ECF No. 14-1 at 60.) Despite this testimony, Martin has not demonstrated that the ALJ's inference regarding her work record — that she was laid off due to business reasons — was unreasonable. Her objection is overruled.

///

Martin further alleges that she would have stopped work for reasons related to her disability. (ECF No. 29 at 8.) Indeed, Martin testified she was only working because she needed the medical insurance. (ECF No. 14-1 at 46.) But Martin's claims are speculative — other than Martin's own testimony, they lack support from the record. Moreover, Martin appears to have raised these claims only in her objection to the R&R, despite having opportunities to raise them earlier on appeal. The ALJ properly considered Martin's work record in evaluating her credibility.

Finally, Martin objects to the ALJ's reliance on the lack of objective evidence as a basis for discounting her credibility. (ECF No. 29 at 9.) Martin is correct that a "lack of medical evidence cannot form the sole basis for discounting pain testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). But such a lack of medical evidence "is a factor that the ALJ can consider in his credibility analysis." *Id.* Here, as discussed in the R&R, the lack of medical evidence was one of several factors that the ALJ considered before discounting Martin's testimony. (ECF No. 28 at 12 (citing ECF No. 14-1 at 24-26).) Thus, the ALJ properly considered the lack of medical evidence in his credibility determination of Martin's testimony.

The Court finds that the ALJ provided clear and convincing reasons for finding Martin's testimony less than entirely credible. Martin's objections about the ALJ's credibility determination are accordingly overruled.

**V.   CONCLUSION**

It is therefore ordered that the Report and Recommendation of Magistrate Judge Nancy J. Koppe (ECF No. 28) is accepted and adopted in full. Defendant Commissioner Carolyn W. Colvin's Cross-Motion to Affirm (ECF No. 20) is granted. Plaintiff's Motion to Reverse and/or Remand (ECF No. 15) is denied.

///

///

///

///

The Clerk is directed to enter judgment in accordance with this Order and close the case.

DATED THIS 28th day of June 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

11